UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK CLARK**  REG. # 09371-015 | : | **DOCKET NO. 2:23-cv-00155**  **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Mark Clark. Doc. 4. Clark is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Clark alleges that the BOP is not applying his earned First Step Act credits. Doc. 4, p. 4, ¶ 7. He asks this Court to grant his petition and direct the BOP to release him immediately to supervised release. *Id*. at p. 4.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application -- Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson,* 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g., Wilson,* 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant

credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

The BOP has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that a petitioner believes his grievances will be denied does not make the remedy futile. *See Green v. Meese*, 975 F.2d 639, 641 (7th Cir. 1989) ("No doubt that denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion"). *Lang v. Warden*, No. 1:20-CV-542, 2022 U.S. Dist. LEXIS 39828 (E.D. Tex. Feb. 7, 2022).

Petitioner represents that he filed an informal complaint at his facility (BP8), an Administrative Remedy Request with the Warden (BP9) and an appeal to the Regional Director (BP10). Doc. 4, pp. 4-5. However, the South Central Regional Office responded on January 31, 2023, stating that it was extending the time for their response. Doc. 4, att. 1., p. 1. Their response, due by February 25, 2023, was not yet received by Clark at the time of filing the instant petition. Accordingly, he has not yet exhausted his administrative remedies.

Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. *See Callahan v. Young*, 2013 U.S. Dist. LEXIS 93063, 2013 WL 3346842, at *2 (W.D. La. July 2, 2013) (holding that proper exhaustion was not excused by "the length of time that the administrative process would take"); *Mitchell v. Young,* 2011 U.S. Dist. LEXIS 97820, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone."); *Goss v. Longley*, 2014 U.S. Dist. LEXIS 130262, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 U.S. Dist. LEXIS 22550, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of

petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house). As such, the instant petition should be dismissed as unexhausted. Clark will be free to file a new petition after exhausting his claims.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE